LARA R. SHAPIRO (State Bar No. 227194)
LAW OFFICE OF LARA SHAPIRO
4145 Via Marina # 324
Marina del Rey, CA 90292
Telephone: (310) 577-0870
Facsimile: (415) 228-5351
E-mail: Shapiro.lara@gmail.com

Attorney for Plaintiff,
ROBERT PANIAGUA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ROBERT PANIAGUA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>RUMSON, BOLLING & ASSOCIATES; and DOES 1-100, inclusive,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET. SEQ;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Robert Paniagua, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. Plaintiff, Robert Paniagua (hereafter "Plaintiff"), is an adult individual residing in Susanville, California 96130, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Rumson, Bolling & Associates (hereafter "Defendant"), is a professional corporation with an address of 4570 Van Nuys Blvd., # 331, Sherman Oaks, California 91403, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

- 1 -    COMPLAINT FOR DAMAGES

5. The names of the DOE defendants and individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6. Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8. The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9. The Defendant contacted Plaintiff by telephone to Plaintiff's office number. Plaintiff requested Defendant not to call but send all communications in writing.

10. Defendant stated to Plaintiff that he had until "now" to pay the debt and said so that Plaintiff could hear, and for Plaintiff's benefit in order to scare Plaintiff, that they were going to sent the sheriff to Plaintiff's house immediately unless he paid the debt at that moment.

11. Defendant then continued to make calls to Plaintiff, 3 times that same day after being told not to call Plaintiff, for purposes of harassment.

12. The Defendant made false representations to the Plaintiff that he would be liable for additional costs and expenses in collection of the debt, in violation of 15 U.S.C. § 1692e(10).

13. The Defendant, in violation of 15 U.S.C. § 1692f(1), attempted to collect an amount which was not authorized by any agreement and was not permitted by law.

14. The Defendant, in violation of 15 U.S.C. § 1692g sent Plaintiff a demand for payment that explicitly threatened litigation if not paid immediately and before the thirty-day period would expire from the date of the letter.

15. The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

## COUNT I

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692, et seq.

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The Defendant attempted to collect an amount not authorized by agreement and further mischaracterized the amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2) and f(1).

18. The Defendant's actions in attempting to collect on the debt constituted false representations that were deceptive means of collection, in violation of 15 U.S.C. § 1692e(10).

19. The Defendant threatened imminent litigation without the intent to file litigation in violation of 15 U.S.C. § 1692e(5).

20. The Defendant caused the Plaintiff's phone to ring repeatedly for purposes of harassment in violation of 15 U.S.C. § 1692d(5).

21. The Defendant threatened Plaintiff with the Sheriff, implying that Plaintiff had committed a crime in violation of 15 U.S.C. § 1692e(7).

22. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

26. Defendant, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

27. The Defendant made false representations concerning the amount of the debt owed by (1) attempting to collect an amount not authorized by any agreement, (2) threatening to add costs and expenses, and (3) acting without a written agreement expressly authorizing such fees in violation of Cal. Civ. Code § 1788.13(e).

28. Defendant threatened imminent legal action without the intent to file imminently, prior to the expiration of the thirty-day validation period in violation of Cal.Civ. Code § 1788.13.

29. The Plaintiff is entitled to damages as a result of the Defendant's violations.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

A  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

B  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

C  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

D  Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E  Statutory damages of $1,000.00 per violation for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F  Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

G  Punitive damages; and

H  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

1
2
3  DATED:  December 29, 2010                    LARA SHAPIRO
4
5   _____                                  *Lara Shapiro*
6
7                                               Attorney for Plaintiff
                                                ROBERT PANIAGUA
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 7 -                                COMPLAINT FOR DAMAGES